IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| REZA TANHA, | Case No. 12-6471 SC |
| Plaintiff, | ORDER REMANDING CASE |
| v. | |
| MACY'S INC., and DOES 1-20, inclusive, | |
| Defendants. | |

## I. INTRODUCTION & BACKGROUND

Now before the Court is Plaintiff Reza Tanha's ("Plaintiff") motion to remand the above-captioned action to state court. ECF No. 4 ("Mot."). Macy's West Stores, Inc. ("Macy's West") opposes Plaintiff's motion, claiming that it is the proper defendant in this action, not the captioned Defendant, Macy's Inc. ECF No. 11 ("Opp'n"). The motion is fully briefed, ECF No. 13 ("Reply"), and appropriate for decision without oral argument, Civ. L.R. 7-1(b). As discussed below, the Court GRANTS Plaintiff's motion and REMANDS this action to the Superior Court of California, Marin County, because the Court lacks subject matter jurisdiction over the

present dispute.

The relevant facts are as follows. On September 7, 2010, Plaintiff was picking up a mattress from the loading dock of one of Defendant's California stores, where he ran into an unmarked glass wall and was injured. See ECF No. 1-1 (Notice of Removal), Ex. A ("Compl."). He sued Macy's Inc. in state court for negligence and premises liability on September 7, 2012, id., apparently after settlement talks broke down, see Mot. at 2-3. Macy's West answered Plaintiff's state complaint, though it was never named as a party to the case. Opp'n at 2. On December 1, 2012, Plaintiff sent Macy's Inc. a statement of damages totaling well over $75,000, and on December 21, 2012, Macy's West removed the case to federal court on diversity jurisdiction grounds. Notice of Removal, Ex. B (Statement of Damages); Mot. at 2-3. On January 23, 2013, Plaintiff moved to remand the case to state court, arguing that the Court lacks subject matter jurisdiction and that Macy's West's removal was defective on several grounds. Mot. at 1-2.

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c).

"[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in

2

favor of remand. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. <u>Id.</u> at 566-67.

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. <u>See</u> <u>McAnally Enters., Inc. v. McAnally</u>, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within thirty days after the filing of the notice of removal, but the Court may consider whether it has subject matter jurisdiction over a case at any time.

### III. **DISCUSSION**

Since Plaintiff filed his motion to remand thirty-two days after Macy's West's notice of removal, the parties' arguments about procedural defects like time bars are untimely, and the Court need not and does not address them. The dispute is limited to whether the Court has jurisdiction over this matter. <u>See</u> 28 U.S.C. §§ 1446, 1447.

Plaintiff claims that Macy's West is not a proper defendant and therefore cannot remove this action to federal court, because the removal statute limits access to removal jurisdiction to named defendants in the state action. <u>See</u> Mot. at 4-7. Plaintiff also contends that, contrary to its notice of removal, Macy's West's is based in Ohio, not California, and as such the Court lacks

3

diversity jurisdiction. Reply at 3-4.

Macy's West responds in relevant part that its standing to remove the action is irrelevant, notwithstanding the fact that it is not named as a defendant in this case, mainly because Plaintiff did not raise the issue of whether Macy's West was a proper defendant at an earlier opportunity. See Opp'n at 1-2. Macy's West goes on to state that "[i]n the event that plaintiff is going to insist that Macy's Inc. be the sole defendant, then defendant will accommodate him. However, [Macy's West] has placed [P]laintiff on notice that he will be maintaining this action against a corporation that does not exist." Id. at 2-3. It is not clear what this argument actually means, and Macy's West offers no explanation -- both entities evidently do exist and have engaged with Plaintiff. Finally, Macy's West states that Macy's West is not a citizen of California but of Ohio, making diversity jurisdiction proper.[1] Id. at 3-4. Macy's West's notice of removal affirms this contention, but the Court need not and does not address diversity in this matter because the core issue is whether the Court has jurisdiction over a case brought before it via a removal action filed by a non-party.

Whether Macy's West, as a non-party to this case, has standing to take action on Macy's, Inc.'s behalf is a jurisdictional issue, not a procedural one, since Macy's West's standing in this case is an aspect of subject matter jurisdiction.

---

[1] Macy's West also makes arguments as to whether Plaintiff's reference to prior settlement negotiations are admissible and whether they trigger the thirty-day time bar that would prohibit Macy's West's filing of a notice for removal, but these arguments are irrelevant to the overriding concerns in this matter, and the Court declines to address them.

4

See Fleck and Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp., 471 F.3d 1100, 1107 n.4 (9th Cir. 2006) ("Standing is an aspect of subject matter jurisdiction.").

Defendants are the only parties who are statutorily permitted to remove cases from state to federal courts. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."); see also Anaya v. QuickTrim, LLC, No. CV 12-1967-CAS(DTBx), 2012 WL 6590825, at *3 (C.D. Cal. Dec. 17, 2012) ("It is axiomatic that only a defendant may remove an action from state to federal court."); Juliano v. Citigroup, N.A., 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009) ("In short, a non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446."). The removal statute makes no allowances for what Macy's West has tried to do, and "[w]here a statute . . . names the parties granted [the] right to invoke its provisions, . . . such parties only may act." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6-7, (2000) (internal citations and quotations omitted).

The parties have done nothing to add Macy's West as a defendant in this case. For example, Plaintiff has not amended his complaint, and Macy's West has not formally moved to intervene. Macy's West's arguments under these circumstances strain both credulity and Rule 11. They offer no real explanation of Macy's West's behavior or of its relationship to Macy's Inc. Moreover, Macy's West cites absolutely no law or facts supporting its contention that it is allowed to take over a case in lieu of a named defendant and then to remove said case to federal court.

5

Macy's West simply decided, on its own initiative and without much explanation, that it is the proper defendant in this case, and that "economy and efficiency" merit its taking over the action for Macy's Inc. See Opp'n at 2. This is baseless. Macy's West is not a party to this action and has no standing to remove Plaintiff's case under the removal statutes. As a result, the Court lacks subject matter jurisdiction over this dispute. Fleck, 471 F.3d at 1107. The case must be remanded.

## IV. CONCLUSION

Keeping in mind the Ninth Circuit's instructions that removal statutes are to be strictly construed against removal, and that the Court must resolve all doubts as to removability in favor of remand, Luther, 533 F.3d at 1034; Gaus, 980 F.2d at 566, Plaintiff Reza Tanha's motion to remand is GRANTED, and this case is REMANDED to the Superior Court of California, Marin County. The Court declines to award any fees or costs in association with this remand. The parties are advised to decide who the proper defendant in this matter is.

IT IS SO ORDERED.

Dated: April 3, 2013

UNITED STATES DISTRICT JUDGE